UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELISSA NORTON, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, BROOKLYN R. NORTON AND BRAELYN R. NORTON | * * * * * | CIVIL ACTION NO. 3:19-00046 JUDGE MAGISTRATE |
| VERSUS | * * | |
| CHRISTOPHER GROSSE, SERVICE TRANSPORT COMPANY AND NATIONAL INTERSTATE INSURANCE COMPANY | * * * | **JURY TRIAL** |

* * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, **National Interstate Insurance Company**, and files this Notice of Removal as follows:

1.

The above-entitled lawsuit was filed in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana and bearing Docket Number C-671414, Sec. "21-D," and is now pending there. The original Petition for Damages was filed on July 16, 2018. Citation and a copy of the original Petition for Damages was served on Defendant through its registered agent on or about July 20, 2018. As of the date of this filing, neither Christopher Grosse nor Service Transport Company ("Service Transport") has been served. Once served, they will be represented by undersigned counsel and will consent to this Notice of Removal.

2.

The aforementioned suit is a civil action filed by Plaintiff, **Melissa Norton, individually**

**and on behalf of her minor children, Brooklyn R. Norton and Braelyn R. Norton**.

3.

Plaintiff seeks an award of damages against Defendant, Service Transport and Mr. Grosse for injuries and damages allegedly arising out of an automobile accident of July 13, 2017, 2017 on Interstate 10, eastbound, in the Parish of East Baton Rouge.

4.

Plaintiff is of the age of majority, domiciled in the Parish of East Baton Rouge and a citizen of Louisiana.

5.

National Interstate Insurance Company is a foreign insurance company with its place of incorporation and principal place of business in Ohio.

6.

Service Transport Company, not yet served, is a Texas corporation with its place of incorporation and principal place of business in Texas.

7.

Christopher Grosse, not yet served, is of the age of majority, domiciled in the County of Fort Bend and a citizen of Texas. Please see Affidavit of Grosse, attached as **Exhibit A**.

8.

The Petition for Damages erroneously alleges Mr. Grosse was a resident of Louisiana at the time of the accident. However, at all relevant times, Mr. Grosse was and is domiciled in and a citizen of Texas, not Louisiana. Exhibit A.

9.

Plaintiff's Original Petition for Damages alleges Defendant, Service Transport and Mr.

Grosse are liable for various acts of negligence of Mr. Grosse, resulting from the accident. Please see Plaintiff's Original Petition for Damages, attached as **Exhibit B**. The Petition alleges Service Transport is liable as the employer of Mr. Grosse at the time of the accident. *Id.* The Petition alleges National Interstate Insurance Company issued a policy of insurance covering the vehicle operated by Mr. Grosse at the time of the subject accident and is therefore liable as well. *Id.*

10.

This Honorable Court has original jurisdiction over this matter pursuant to Article III of the United States Constitution and 28 U.S.C. §1332 because diversity of citizenship exists between Plaintiff and Defendants and because the alleged damages to Plaintiff exceeds $75,000.00, exclusive of interest and costs.

11.

Plaintiff claims the accident caused her to suffer "personal injuries." Exhibit B. Defendants deny Plaintiff's damages.

12.

Louisiana Code of Civil Procedure Article 893 specifically prohibits the pleading of the amount of monetary damages sought, and Plaintiffs' Petition for Damages does not so allege. However, Plaintiffs' Petition for Damages did not comply with the Louisiana Code of Civil Procedure because it does not contain a general allegation that the claims are more or less than the requisite amount for federal court diversity jurisdiction, as required by La. C.C.P. art 893(A)(1).

13.

On December 27, 2018, Defendant received medical records of Plaintiff from Dr. Shamieh of DISC of Louisiana. The medical records contain a report from Dr. Shamieh

interpreting cervical and lumbar MRIs. Dr. Shamieh opined the cervical MRI shows a disc bulge at C4/5, a herniated nucleus pulposus at C5/6 causing stenosis and a herniated nucleus pulposus at C6/7 causing stenosis. Please see portion of relevant medical record, attached as **Exhibit C**. Dr. Shamieh opined the lumbar MRI showed herniated nucleus pulposa at L3, L4 and L5 causing stenosis.

14.

Defendant denies liability for any alleged injuries of Plaintiff. However, for the purposes of Plaintiff's allegations and jurisdictional amount and based upon the foregoing medical record, the damages claimed by Plaintiff may exceed the sum of $75,000, exclusive of interest and costs. Louisiana courts have held, in cases with a similar type of injury, damages can exceed $75,000. See, e.g., *Campbell v. Webster Parish Police Jury*, 36,391 (La. App. 2 Cir. 9/18/2002), 828 So.2d 170 (Plaintiff with lumbar and cervical soft tissue and disc injuries that were treated conservatively was awarded $75,000 in general damages, exclusive of medical expenses, which were $11,101.35); *Pannell v. Encompass Ins. Co.*, 06-1601 (La. App. 3 Cir. 5/2/2007), 956 So.2d 152 (Plaintiff was awarded $90,000 in general damages, exclusive of medical expenses of $9,083.96, for soft tissue injuries to her back, neck, and shoulder with aggravation of lumbar herniated disc and a degenerative back condition); *Collier v. Benedetto*, 04-1025, 04-1026 (La. App. 5 Cir. 2/15/2005), 897 So.2d 775 (Plaintiff was awarded $75,000 in general damages, exclusive of medical expenses of $5,718.75 or lost wages, for cervical disc injuries that were treated conservatively); *Clark v. Matthews*, 04-848 (La. App. 5 Cir. 1/11/05), 891 So.2d 799, *writ den.*, 05-0473 (La. 4/22/05), 899 So.2d 577 (Plaintiff awarded $175,000 in future pain and suffering for two thoracic herniations and one lumbar herniation) and *Louis v. American Guaranty and Liability Insurance Company*, 2:09-cv-6992 (E.D. La. 1/12/11); 2011 WL 577066

(Plaintiff awarded $110,000 in general damages to a plaintiff who suffered a concussion, headaches and cervical and lumbar spine injuries and had approximately $33,000 in past medical specials).

15.

Accordingly, Defendant is entitled to remove this matter to this Honorable Court pursuant to the removal provisions of 28 U.S.C. §1441 *et seq.*, as amended.

16.

The time for Defendant to remove this matter has not yet expired. This Notice of Removal is filed within thirty days of the receipt of the records of DISC of Louisiana, which qualify as "other paper" pursuant to 28 U.S.C. 1446(b)(3).

17.

Defendant attaches a copy of all documents found in the state court record and served upon them in this action as **Exhibit D**.

18.

In accordance with 28 U.S.C. §1446(d), Defendant will provide appropriate Notice of Filing Notice of Removal to Plaintiffs and to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, by filing of this Notice of Removal and the Notice of Filing Notice of Removal into the record of the state court action.

## JURY DEMAND

19.

Defendant is entitled to and requests a trial by jury on all issues herein.

WHEREFORE, Defendant, **National Interstate Insurance Company**, pray the suit entitled, "*Melissa Norton, individually and on behalf of her minor children, Brooklyn R. Norton*

*and Braelyn R. Norton v. Christopher Grosse, Service Transport Company and National Interstate Insurance Company*," now pending in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana and bearing Docket Number C-671414, Sec. "21-D," be removed to this, the United States District Court for the Middle District of Louisiana, and for trial by jury and all just and equitable relief as allowed by law.

         Respectfully submitted,

         /s/ *Nathan M. Gaudet*

         GUY D. PERRIER, #20323
         gperrier@perrierlacoste.com
         NATHAN M. GAUDET, #30514
         ngaudet@perrierlacoste.com
         Perrier & Lacoste, LLC
         365 Canal Street, Suite 2550
         New Orleans, LA  70130
         Telephone:	(504) 212-8820
         Facsimile:	(504) 212-8825

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 24th day of January, 2019, at their last known address of record.

         /s/ *Nathan M. Gaudet*

         NATHAN M. GAUDET